**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

**UNITED STATES OF AMERICA**

        **Plaintiff,**

**-vs-**                                            **Case No.  3:07-cr-093(1)(2)**

**LAJUAN BLACK**
**DION BLACK**

        **Defendants**

---

**ENTRY AND ORDER OVERRULING MOTIONS TO SUPPRESS FILED BY DEFENDANTS LAJUAN BLACK (DOC. #13) AND DION BLACK (DOC. #14)**

---

      This matter comes before the Court pursuant to Motions to Suppress filed by Co-Defendants, Lajuan Black(Doc. #13) and Dion Black (Doc. #14).  Said Motions were filed on June 15 and June 21, 2007, respectively.  The Court conducted a hearing on said Motions on August 13, 2007 and October 3, 2007.  The Government called Adult Parole Officers Crystal Langer and Andrew Siefring as witnesses.  In addition to said testimony, the Court admitted, for the purpose of this hearing, exhibits offered by the Government.  (Exhibits 1 thru 8, 10 and 11)

      Both Motions to Suppress move the Court to suppress any evidence obtained in violation of the Defendants' Fourth Amendment right to be free from search and seizure.  As a basis for said Motions, the Defendants both assert that the police had no warrant and no basis or reasonable suspicion for the search of the house, located at 1907 Fairport, Apartment 301, Dayton, Ohio.  As a result, the Defendants contend any evidence that was obtained was done so illegally and improperly and should be suppressed.

## FACTS

      Co-Defendant Dion Black had been convicted in Montgomery County, Ohio of two counts of Aggravated Robbery.  Subsequent to a term of imprisonment, Dion Black was placed on five

years of supervision to the Ohio Adult Parole Authority.  As part of said supervision, Dion Black signed and agreed to Conditions of Supervision (Government Exhibit #1).

As part of those conditions, paragraph 9, referring to Ohio Revised Code Section 2967.131, provided that the Adult Parole Authority may conduct a warrantless search of his person, place of residence, personal property or any property which he had been given permission to use if they have reasonable grounds to believe that he was not abiding by the law or terms and conditions of his supervision.

These conditions were mutually reviewed with Dion Black on August 24, 2005 and then again by a newly assigned Parole Officer, Crystal Langer, in May of 2006.

During Langer's supervision of Dion Black, he committed direct violations of his terms of supervision when in November, 2006, he failed to report for his scheduled office visit and could no longer be contacted at his last known provided address of 3616 West Second Street.  In addition, P.O. Langer received notification on December 7, 2006, that Dion Black had tested positive as a result of his last urine sample taken earlier in November, 2006.

Based upon these apparent violations of his supervision terms, Langer along with several other parole officers proceeded to 1907 Fairport Avenue, Dayton, Ohio, an address obtained from the United States Pretrial Services.  Parole was advised that Dion Black was being supervised on electronic home detention from said residence.  It was subsequently learned that Co-Defendant Lajuan Black was also being supervised on electronic home detention from that residence.

Based upon the information and known violations, Parole Officer Langer and the other parole officers conducted a search of said residence pursuant to Paragraph 9 of the Conditions of Supervision (Exhibit 1) and O.R.C. 2967.131.

**DISCUSSION**

As discussed by all parties, in *Griffin v. Wisconsin*, 483 U.S. 868, 107 S.Ct. 3164, 97 L.Ed. 2d 709 (1987), the Supreme Court did delineate standards for analyzing searches of probationers under the Fourth Amendment   Citing the "special needs" of states to closely supervise probationers to assure the observance of probation conditions, the *Griffin* court upheld a Wisconsin regulation authorizing the warrantless search of a probationer's home when the probation officer has "reasonable grounds" to suspect the presence of contraband.

Because the special needs of the parole systems mirror those of probation systems, subsequent courts have extended the *Griffin* exception to the warrant and probable cause requirement to searches of parolees as well.  *United States v. Payne*, 181 F.3d 781 (Sixth Cir. 1999).

In the analysis of the special needs search, this Court must examine whether the relevant statute satisfies the Fourth Amendment reasonableness requirement.  As pointed out by the parties, Federal Courts have repeatedly held Ohio Revised Code Section 2967.131 satisfies the Fourth Amendment's reasonableness requirement.  This Court must then look to whether the parole officers had a reasonable suspicion that contraband, evidence of a crime or evidence of a parole violation could be found by a search of the residence.

Defendant, Dion Black, citing *Payne*, supra, argues that the Parole Officers were unable to articulate any reasonable suspicion to search.  Defendant, Lujuan Black, while echoing the same argument also asserts that the officers were not allowed to conduct a search of a residence where a parolee is believed to be present but not residing.

This Court finds differently.  The Parole Officers, based upon the information that Dion Black failed to report to his monthly visit, that he was no longer residing at the address given to the Adult Parole Authority and was now in fact being monitored by U.S.P.S. on electronic home monitoring at an entirely different address, that he had not received permission to change addresses and that he had reportedly dropped a positive urine just days earlier, indeed had sufficient basis to form a reasonable suspicion that the Defendant, Dion Black, was not abiding by his terms of supervision and therefore was not searching in violation of the Fourth Amendment.

Defendants' Motions to Suppress are OVERRULED.

IT IS SO ORDERED.

January 2, 2008                                                         s/THOMAS M. ROSE

                                                                                    _____
                                                                                    THOMAS M. ROSE
                                                                                    UNITED STATES DISTRICT JUDGE